UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20154-Civ-COOKE/TURNOFF

WELLS FARGO BANK, N.A.,

    Plaintiff
vs.

EMMA HAZZAN, *et al.*,

    Defendants.
_____/

## ORDER DENYING MOTION TO STAY

THIS MATTER is before me on Defendants Emma Hazzan and Jacob Shemesh's Motion to Stay. (ECF No. 23). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, the Motion is denied.

Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") brings this action for foreclosure and breach of a promissory note. Defendants, mortgagors, seek to stay this action pending the resolution of a state court action pursuant to the *Colorado River* doctrine.

On January 29, 2009, Wells Fargo's predecessor in interest, Wachovia Bank, filed a two-count complaint against Hazzan and Shemesh in the Circuit Court in and for Miami-Dade County. *Wachovia Bank FSB v. Hazzan, et al.*, Case No. 09-7459. That was an action seeking to foreclose a mortgage and re-establish the mortgage note that was allegedly lost or destroyed. The note at issue in Case No. 09-7459 is the same as in the present action. On December 6, 2011, the state court dismissed the action without prejudice for lack of prosecution. On January 13, 2012, Wells Fargo filed this lawsuit in federal district court.

A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A federal court may, in

1

certain exceptional circumstances, dismiss or stay a federal suit "due to the presence of a concurrent state proceeding." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). The application of the *Colorado River* doctrine "rest[s] on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" and "to avoid duplicative litigation." *Id*. at 817 (internal quotation marks omitted). In determining whether *Colorado River* abstention applies, a court must consider the following factors: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004).

The Eleventh Circuit has stressed the narrowness of the doctrine, stating, "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* (quoting *Colorado River*, 424 U.S. at 813). "*Colorado River* abstention is permissible in fewer circumstances than are the other abstention doctrines, which themselves carve out only slender exceptions to the robust duty to exercise jurisdiction." *Id*. Thus, "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Id*. at 1332 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

The *Colorado River* factors do not favor a dismissal or a stay of these proceedings. Only this Court has jurisdiction over the property at issue. This Court is as convenient as the state court forum in Miami-Dade County. There is no danger of piecemeal litigation because this is the only litigation involving the foreclosure. Although the state court action was filed first, it has been

dismissed.[1]  State law will apply in this case.  However, because state and federal courts have concurrent jurisdiction over the claims, and the state law issues are not complex, this factor does not weigh heavily in favor of abstaining.  Finally, this Court is adequate to protect the parties' rights.

Most importantly, a careful reading of *Colorado River* and its progeny makes clear that the threshold requirement for applying the doctrine is the existence of a concurrent state proceeding where the litigants may proceed to obtain a remedy.  *See Colorado River*, 424 U.S. at 817 (stating that abstention may apply "in situations involving the *contemporaneous exercise of concurrent jurisdictions*, either by federal courts or by state and federal courts" (emphasis added)); *Holt v. Ford*, 862 F.2d 850, 852 (11th Cir. 1989) ("[T]he granting of a *Colorado River* motion necessarily implies an expectation that the state court will resolve the dispute.").  Here, there is no pending state court case.  In fact, there has never been a pending, parallel state action during the lifetime of this federal suit.  The parties have not pointed this Court to any case where a court dismissed or stayed a federal lawsuit pursuant to the *Colorado River* doctrine when there was no pending concurrent action, and I decline to expand the doctrine in this way.

For the reasons provided, it is **ORDERED and ADJUDGED** that Defendants' Motion to Stay (ECF No. 23) is **DENIED**.  Defendants' Motion to Stay Discovery pending Ruling of Motion to Stay (ECF No. 43) is **DENIED** *as moot*.  Defendant's Motion for Extension of Time in which to File a Responsive Pleading (ECF No. 27) is **GRANTED in part and DENIED in part** nunc pro tunc.  Defendants Hazzan and Shemesh shall file a responsive pleading within seven days of the date of this Order.

---

[1] A review of the docket in the earlier state court proceedings reveals that the parties never engaged in substantial discovery, and the state court never ruled on the merits of any dispositive motions.  There is no evidence, beyond Defendants' speculation, that shows Plaintiff engaged in any gamesmanship.  It does not appear that Plaintiff let the case languish in state court because it met with "unfavorable rulings"; the state court did not make any unfavorable rulings until it dismissed the case without prejudice.  Even if there was an element of forum shopping here (which I have not found), this would likely not be sufficient for a dismissal of this action under *Colorado River*.  *See Oglesby v. Cnty. of Kern*, 2005 WL 3031466, at *9 (E.D. Cal. Nov. 4, 2005) (denying motion to dismiss or stay on *Colorado River* grounds, stating "Forum shopping alone . . . is not grounds for a stay or dismissal under *Colorado River*, especially where the state action has been dismissed." (citing *FDIC v. Nichols*, 885 F.2d 633, 637 (9th Cir. 1989)).

**DONE and ORDERED** in chambers at Miami, Florida, this 3rd day of May 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*